IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MILO VACANTI, | ) | CASE NO.  08CV436 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **BRIEF IN SUPPORT OF NOTICE OF** |
| | ) | **FILING AMENDED COMPLAINT AS** |
| SUNSET FINANCIAL SERVICES, INC., | ) | **OF RIGHT, OR ALTERNATIVELY,** |
| KANSAS CITY LIFE INSURANCE | ) | **FOR LEAVE TO FILE AMENDED** |
| COMPANY, AND BRYAN S. BEHRENS, | ) | **COMPLAINT** |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |

## INTRODUCTION

Plaintiff has filed an Amended Complaint.  Sunset Financial Services, Inc. ("Sunset") has

not answered the original Complaint, but Bryan S. Behrens ("Behrens") has.   The Amended

Complaint does not change any allegations regarding Behrens.   Rather, it adds Kansas City Life

Insurance Company ("Kansas City Life") as a Defendant.

The amendment is properly treated as an amendment as of right under Rule 15(a).

Plaintiff recognizeS that some authority suggests that leave of Court is required to add a party no

matter how early in the case the amendment is done, *see Burke v. Citigroup, Inc.*, 2006 WL

3483787 (D. Neb. Nov. 29, 2006), so assuming for the sake of argument that leave were

required, Plaintiff respectfully moves for leave to amend which should be granted.

Sunset's Motion to Dismiss is based upon an alleged failure to add indispensable parties

and an alleged failure to plead fraud with particularity.  Plaintiff does not address these issues in

his Amended Complaint because those allegations lack merit.  Accordingly, it is proper to treat

that motion as not mooted by the amendment and to treat it as if it were addressed to the

amended Complaint.

## PROCEDURAL BACKGROUND

Plaintiff filed his Complaint, Filing No. 1, against Defendants Sunset and Behrens.  On October 14, 2008, Defendant Behrens filed his Answer, Filing No. 14, and Defendant Sunset filed a Motion to Dismiss, Filing No. 17.   Sunset has not yet filed an Answer.  Sunset recently filed its Reply Brief in support of its Motion to Dismiss.

## ARGUMENT

Rule 15(a) provides that a plaintiff can amend its complaint as of right before a party has answered.  Where one defendant has answered and one has not, a plaintiff can amend as of right as to the non-answering party.  Here, Plaintiff does not seek to change any allegations against the answering Defendant, Behrens.  Plaintiff only seeks to add Kansas City Life as a defendant.  Thus, it is proper to conclude that amending the Complaint to add a defendant does not require leave of Court.  Alternatively, if such leave is required, it is appropriate to grant it.

**I.**      **Rule 15(a) Properly Governs The Proposed Amendment In This Case And Does Not Require Leave Of Court.**

Rule 15(a) provides that a plaintiff may amend its complaint as of right before a defendant has filed a responsive pleading.  Federal Rule of Civil Procedure 15 governs amendments to pleadings and states, in pertinent part, that:

> (a) **Amendments Before Trial**
>
>> (1) *Amending as a Matter of Course*.  A party may amend its pleading once as a matter of course:
>>
>>> (A) before being served with a responsive pleading
>>
>> …
>>
>> (2) *Other Amendments*.  In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires.

Federal Rule of Civil Procedure 21 governs misjoinder and nonjoinder of parties, and states, in pertinent part, that "On motion or on its own, the court may at any time, on just terms, add or drop a party."

The proper conclusion is that Rule 15(a) governs an amendment to add a party. Professors Wright and Miller state that: "[A]ny attempt to change parties by amendment before the time to amend as of course has expired should be governed by the first sentence of Rule 15(a) and may be made without leave of court."  6 Wright & Miller, *Federal Practice & Procedure* § 1479 (1971).

A number of District Courts within the Eighth Circuit have held that Rule 15(a) applies and permits parties to amend as of right to add a new party.  For example, in one case, the Court determined that plaintiff did not need leave of court to file amended complaint adding a party, deleting several parties, and adding several counts, because no responsive pleading had been filed.  *Smith v. Planned Parenthood of the St. Louis Region*, 225 F.R.D. 233 (E.D. Mo. 2004). In another case, the Court held that the addition of a party, if achieved through an amended complaint "filed within the time frame covered by Rule 15(a) does *not* require an order of the court."  *Adams v. Lederle Laboratories*, 569 F. Supp. 234, 240-41 (W.D. Mo. 1983); *see also Chiu v. American Builders & Contractors Supply Co.*, 2008 WL 922316 (W.D. Mo. Apr. 1, 2008) (allowing plaintiff to amend his complaint as a matter of right to add two defendants under Rule 15(a)).

The Fifth Circuit and Tenth Circuit Courts of Appeals, and a number of District Courts, have also held that leave of court is not required to add a party when a responsive pleading has not yet been filed.  *See, e.g., Precision Co. v. Koch Indus., Inc.*, 31 F.3d 1015, 1018-19 (10th Cir. 1994); *McLellan v. Mississippi Power Co.*, 526 F.2d 870, 872-73 (5th Cir. 1976) *modified on other grounds*, 545 F.2d 919 (5th Cir. 1977); *Travelers Indm. Co. v. United States ex rel. Construction Specialties Co.*, 382 F.2d 103, 105-06 (10th Cir. 1967); *Reade-Alvarez v. Eltman, Eltman & Cooper, P.C.,* 224 F.R.D. 534, 535 (E.D.N.Y. 2004); *Etienne v. Oyake*, 347 F. Supp. 2d 215 (D.V.I. 2004); *Singh v. Prudential Ins. Co. of America, Inc.*, 200 F. Supp. 2d 193

(E.D.N.Y. 2002); *Maynard v. Bonta*, 2003 U.S. Dist. LEXIS 16201 (C.D. Cal. Aug. 29, 2003);

*Texas Energy Reserve Corp. v. Dept. of Energy*, 535 F. Supp. 615, 620-21 (D. Del. 1982).

Moreover, some courts have allowed plaintiffs to amend under Rule 15(a) as a matter of course

to add parties even when plaintiffs had already amended their complaint once.  *See Thompson v.*

*Jiffy Lube Intern., Inc.*, 505 F. Supp. 2d 907 (D. Kan. 2007).

One of the reasons that Professors Wright and Miller conclude that this type of

amendment is properly treated as an amendment as of right under Rule 15(a) is that even courts

that have held that Rule 21 applies in such circumstances have applied the liberal standards of

Rule 15(a) in allowing parties leave to amend.  Furthermore, the language of the Rule indicates

that Rule 15(a) is more specific "because it sets forth the particular means by which a party may

attempt to drop or add parties – by an amendment to the pleadings."  6 Fed. Prac. & Proc. 2d §

1479.  For those reasons, it is appropriate to treat this as an amendment of right under Rule 15(a).

## II.     Plaintiff Does Not Seek To Amend As To Defendant Behrens, And May Amend As A Matter Of Course As To Sunset, Including Adding Its Parent Company As A Defendant.

The conclusion that Plaintiff can add Kansas City Life as a defendant as a matter of right

is not affected by the fact that Behrens has answered.  If all Defendants had moved to dismiss,

and none had answered, Rule 15(a) would clearly permit amendment as of right because a

motion to dismiss is not a responsive pleading.  *See Ballard v. Heineman*, 2007 WL 2011246 (D.

Neb. July 6, 2007) (Smith Camp, J.).  The well-established rule is that when one defendant has

answered and one has moved to dismiss, the plaintiff can amend as of right as long at the

plaintiff does not amend as to the answering party.  *See Williams v. Board of Regents of the*

*Univ. Sys. Of Georgia*, 477 F.3d 1282 (11th Cir. 2007); *Anderson v. USAA Casualty Ins. Co.*, 218

F.R.D. 307 (D.D.C. 2003) ("If there is more than one defendant, and not all have served

responsive pleadings, the plaintiff may amend the complaint as a matter of course with regard to

those defendants that have yet to answer."). *See also* 6 Fed. Prac. & Proc. 2d § 1481 (stating the general rule).

Plaintiff's proposed Amended Complaint does not amend the original Complaint with respect to Defendant Behrens. The only changes from the original Complaint to the Amended Complaint relate to Sunset, which has not yet answered, and to the addition of Sunset's parent company, Kansas City Life, as a defendant. As discussed above, Plaintiff may amend as a matter of course with respect to Sunset, including adding Kansas City Life.

## III.   In The Alternative, Plaintiff Seeks Leave To Amend Their Complaint.

Plaintiff has already shown that they may properly file an Amended Complaint adding Kansas City Life without leave of court under Rule 15(a). Assuming, however, for the sake of argument that the Court should determine leave is required, Plaintiff is entitled to leave to amend.

Even the courts that have held that a motion is required under Rule 21 have applied the liberal standard found in Rule 15(a) in granting leave to add parties under Rule 21. For example, in *Fair Housing Development Fund Corp. v. Burke*, 55 F.R.D. 414 (E.D.N.Y. 1972), the court concluded that the general standard by which the court was to be guided in granting motions to add parties under Rule 21 was the same standard of liberality afforded to motions to amend pleadings under Rule 15(a)). *See also*, *Joseph v. House*, 353 F. Supp. 367 (E.D. Va. 1973).

"Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962). If the underlying facts relied upon by a plaintiff may be a proper subject of relief, the plaintiff ought to be afforded an opportunity to test his claim on the merits. *Id.*

Here, there is no reason that leave to amend should not be granted. This is Plaintiff's first proposed amendment, and such amendment would not be futile. The existing Defendants will

not be prejudiced by the filing of Plaintiff's proposed Amended Complaint because it asserts all of the same claims and allegations against Sunset and Behrens as were asserted in the original Complaint.  In fact, with respect to Defendant Behrens, the proposed Amended Complaint makes no changes at all from the original Complaint.

As Sunset's parent company, Kansas City Life should be aware of this litigation, so neither Sunset nor Kansas City Life will be unduly prejudiced by the amendment.  Sunset has filed a Motion to Dismiss under Rules 19 and 12(b)(7), for failure to join an indispensable party.  However, Sunset most likely will not be required to file a new Motion to Dismiss the Amended Complaint or an Answer to the Amended Complaint until the Court rules on the pending Motion to Dismiss.  In *Yates v. Applied Performance Technologies, Inc.*, 205 F.R.D. 497, 499 (S.D. Ohio 2002), the Court held that where amended complaint merely designated additional parties and did not attempt to address the issues raised in the original motion to dismiss – failure to join an indispensable party", the defendants were not required to file a new motion to dismiss or file an answer to the amended complaint).  *See also Jordan v. City of Philadelphia*, 66 F. Supp. 2d 638, 641 n. 1 (E.D. Pa. 1999) (if amended complaint does not address the arguments which are the basis of the motion to dismiss, the court may consider that motion as addressing the amended complaint); *Patton Elec. Co. v. Rampart Air, Inc.*, 777 F. Supp. 704, 712 (N.D. Ind. 1991) (same);  6 Fed. Prac. & Proc. 2d § 1476 (same).

If leave of court is required, it is proper that Plaintiff be permitted to amend because none of the factors weighing against amendment are present here.  Thus, leave to amend should be freely given as provided under Rule 15(a).

## CONCLUSION

For the foregoing reasons, it is proper for the Amended Complaint to be treated as an amendment as of right under Rule 15(a).  Assuming for the sake of argument that leave of Court

were required, it would be proper to grant leave to amend.  The amendments do not address the arguments made by Sunset in their motions to dismiss regarding joinder, so it is proper to treat that motion as not moot and to treat it as addressing the Amended Complaint.

Dated this 12th day of January, 2009.

MILO VACANTI,  *Plaintiff*

By: s/Catherine C. Lemoine
    Patrick E. Brookhouser, Jr., # 19245
    Nicholas R. Grennan, # 23928
    Thomas J. Kelley, # 19754
    Catherine C. Lemoine, # 23428
    Edward G. Warin, # 14396
    McGrath North Mullin & Kratz, PC LLO
    First National Tower, Suite 3700
    1601 Dodge Street
    Omaha, Nebraska 68102
    (402) 341-3070 telephone
    (402) 341-0216 fax
    pbrookhouser@mcgrathnorth.com
    ngrennan@mcgrathnorth.com
    tkelley@mcgrathnorth.com
    clemoine@mcgrathnorth.com
    ewarin@mcgrathnorth.com

*His Attorneys*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 12, 2009, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system which sent notification of such filing to the

following:

John W. Shaw
Johanna F. Telke
Katherine K. Gonzalez
2600 Grand Boulevard
Suite 1200
Kansas City, Missouri 64108

Steven E. Achelpohl
1823 Harney St.,
1010 Historic Libr. Plz.
Omaha, NE 68102

Thomas H. Dahlk
Victoria H. Buter
Husch, Blackwell, Sanders, LLP
1620 Dodge St., #2100
Omaha, NE 68102

Kansas City Life will be served with the foregoing, as well as the summons and a copy of
the Amended Complaint by certified mail at the following address:

Kansas City Life Insurance Co.
3520 Broadway St.
Kansas City, MO 64111

/s/ Catherine C. Lemoine
Catherine C. Lemoine