# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARLIN LUSTGRAAF, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 8:08-CV-00335-LSC-FG3 |
| v. ) | |
| ) | ORDER |
| SUNSET FINANCIAL SERVICES, INC. ) | |
| and BRYAN S. BEHRENS, ) | |
| ) | |
| Defendants. ) | |
| JEAN POOLE, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | 8:08-CV-00399-LSC-FG3 |
| v. ) | |
| ) | ORDER |
| SUNSET FINANCIAL SERVICES, INC. ) | |
| and BRYAN S. BEHRENS, ) | |
| ) | |
| Defendants. ) | |
| MILO VACANTI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 8:08-CV-00436-LSC-FG3 |
| v. ) | |
| ) | ORDER |
| SUNSET FINANCIAL SERVICES, INC. ) | |
| and BRYAN S. BEHRENS, ) | |
| ) | |
| Defendants. ) | |
| WILLIAM GREEN, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | 8:09-CV-00013-LSC-FG3 |
| v. ) | |
| ) | ORDER |
| SUNSET FINANCIAL SERVICES, INC. ) | |
| and BRYAN S. BEHRENS, ) | |
| ) | |
| Defendants. ) | |

| | |
|---|---|
| MILO VACANTI,                                )  <br>                                                       )  <br>               Plaintiff,                         )  <br>                                                       )                8:09-CV-00044-LSC-FG3  <br>       vs.                                        )  <br>                                                       )                            ORDER  <br>SUNSET FINANCIAL SERVICES, INC.  )  <br>and BRYAN S. BEHRENS,               )  <br>                                                       )  <br>               Defendants.                    )  | |

This matter is before the court on Defendant Sunset Financial Services, Inc's ("Sunset") motion for leave to amend to file cross-claims. (Case No. 8:08CV335, filing 170; Case No. 8:08CV00399, filing 169; Case No. 8:08CV00436, filing 160; Case No. 8:09CV00013, filing 122; Case No. 8:09CV00044, filing 87). The motion will be granted.

### BACKGROUND

Sunset seeks leave to assert three cross-claims against Defendant Bryan Behrens ("Behrens"): (1) common law contribution/indemnity; (2) contractual indemnity and (3) breach of contract. While Behrens does not object to Sunset's motion, Plaintiffs object, arguing that the motion should be denied because the proposed amendments are futile.

### ANALYSIS

Under Federal Rule of Civil Procedure 15, the court should "freely give leave" to amend a pleading "when justice so requires." Parties do not, however, have an absolute right to amend their pleadings. *Sherman v. Winco Fireworks, Inc.,* 532 F.3d 709, 715 (8th Cir. 2008). Leave to amend "may be denied if an amendment would be futile." *Stricker v. Union Planters Bank, N.A.*, 436 F.3d 875, 878 (8th Cir. 2006). However, a motion to amend should be denied on the merits "only if it asserts clearly frivolous claims or defenses." *Gamma–10 Plastics, Inc. v. Am. President Lines*, 32 F.3d 1244, 1255 (8th Cir. 1994) (quotations and citations omitted). Further, "[l]ikelihood of success on the new claim or defenses is not a consideration for denying leave to amend unless the claim is clearly frivolous" "or legally insufficient on its face." *Becker v. Univ. of Neb.,* 191 F.3d 904, 908 (8th Cir. 1999); *Sokolski v. Trans Union Corp.,* 178 F.R.D. 393, 396 (E.D.N.Y.1998) (citation omitted). "The party opposing . . . amendment ha[s] the burden of establishing that leave to amend would be

. . . futile." *Sokolski,* 178 F.R.D. at 396 (citations omitted).

Sunset's proposed cross-claim for common law contribution/indemnity alleges that "[b]ased on contribution and/or indemnity, any recovery by Plaintiff against Sunset must be reduced by apportionment of fault to Mr. Behrens" and "prays for judgment against Mr. Behrens for the full amount of any damages awarded, together with interest, costs, expenses incurred, including reasonable attorneys' fees . . ." (Case No. 8:08CV335, filing 172; Case No. 8:08CV00399, filing 171; Case No. 8:08CV00436, filing 162; Case No. 8:09CV00013, filing 124; Case No. 8:09CV00044, filing 89.) Plaintiffs argue that this proposed cross-claim impermissibly attempts to reduce Plaintiffs' recovery against Sunset and recover attorneys' fees and expenses. Plaintiffs do not, however, cite any authority directly supporting these arguments.

Sunset's proposed contractual indemnity and breach of contract claims arise out of a Registered Representatives Agreement ("Agreement") executed between Sunset and Behrens. Plaintiffs argue that adding a contractual indemnity cross-claim would be futile because the proposed claim relies upon a provision in the Agreement that is no longer in effect and, contrary to the terms of the Agreement, seeks the recovery of costs and attorneys' fees. Similarly, Plaintiffs maintain that Sunset's proposed breach of contract claim is improper because it would render the indemnification provisions of the Agreement superfluous.

At this stage in the proceeding, the court will not undertake to evaluate or interpret the contractual language at issue. Moreover, the court will not address the question of how the contribution/indemnity claim affects Plaintiffs' recovery or the availability of attorneys' fees and expenses, particularly given the absence of supporting authority. The question of whether Sunset will prevail on its cross-claims against Behrens "should be determined on the merits rather than as part of a motion to amend." *Doyle v. Eli Lilly & Co.*, No. 8:06CV412, 2008 WL 215802 (D. Neb. Jan. 24, 2008). Sunset's motion for leave to amend to file cross-claims will be granted.

**IT IS ORDERED:**

1. Defendant Sunset Financial Services, Inc's motion for leave to amend to file cross-claims (Case No. 8:08CV335, filing 170; Case No. 8:08CV00399, filing 169; Case No. 8:08CV00436, filing 160; Case No. 8:09CV00013, filing 122; Case No. 8:09CV00044, filing 87) is granted.

2.      Sunset shall file its cross-claims by or before July 15, 2011.

**DATED July 12, 2011.**

                              **BY THE COURT:**

                              **S/ F.A. Gossett, III**
                              **United States Magistrate Judge**